IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WASHINGTON, | : | CIVIL ACTION |
| | : | NO. 10-2869 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, et al., | : | |
| | : | |
| Respondents. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                               July 6, 2017

The present case raises the issue of whether a convicted state prisoner who is granted a conditional writ of habeas corpus by a federal court ordering the state to "release or retry" the prisoner within a specified period of time is entitled to be unconditionally released from state custody - and never retried on the charges underlying the vacated conviction - in the event that the state does not retry him within the time period specified in the conditional writ.[1]

---

[1] Petitioner contends that, since the Commonwealth has not tried him within the 120 days specified in the conditional writ issued by this Court, he is entitled to immediate release and a bar on any subsequent prosecution on the same charges. In response, the Commonwealth argues that, while Petitioner is entitled to release from the judgment which the federal court found to have been unconstitutionally obtained, the Commonwealth

Petitioner James Washington ("Petitioner") filed this action on June 14, 2010, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with respect to his conviction of two counts of second-degree murder, two counts of robbery, and one count of criminal conspiracy.[2] On June 7, 2012, the Court granted Petitioner's habeas petition and issued a conditional writ of habeas corpus. Following the Commonwealth of Pennsylvania's subsequent appeal, the United States Court of Appeals for the Third Circuit affirmed this Court's ruling, and ordered the Commonwealth to release or retry Petitioner within 120 days of the entry of the Third Circuit order. The Commonwealth released Petitioner, and then subsequently detained him pending retrial on the same charges. Petitioner has now filed a Petition for a Writ of Mandamus ("the Mandamus Petition"), requesting that this Court order the Commonwealth to release him unconditionally, and a subsequent Motion for Enforcement of the Judgment ("the Enforcement Motion"), again requesting that this Court order Petitioner's release from state custody and also requesting that the Court institute

---

may re-arrest and retry Petitioner on the same charges which were the subject of the conditional writ.

[2] The underlying facts of Petitioner's case are set forth more fully in the Third Circuit's opinion affirming this Court's order granting Petitioner's habeas petition. See Washington v. Sec'y Pa. Dep't of Corr., 801 F.3d 160, 162-63 (3d Cir. 2015), cert. denied sub nom. Wetzel v. Washington, 136 S. Ct. 1713 (2016).

disciplinary proceedings against the Commonwealth for its conduct in this case. For the reasons set forth below, the Court will deny both the Mandamus Petition and the Enforcement Motion.

I. **PROCEDURAL HISTORY**

Following a trial in the Court of Common Pleas of Philadelphia County, a jury found Petitioner guilty of two counts of second-degree murder, two counts of robbery, and one count of criminal conspiracy. The Superior Court of Pennsylvania affirmed Petitioner's convictions, and the Supreme Court of Pennsylvania denied Washington's appeal. See Washington, 801 F.3d at 163. Petitioner challenged his convictions again in state court under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-46. See id. The PCRA court denied his petition, the Superior Court affirmed, and the Pennsylvania Supreme Court denied his appeal. See id.

On June 14, 2010, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Habeas Petition") in this Court. ECF No. 1. On June 6, 2012, the Court granted the Habeas Petition, finding that "Petitioner was deprived of his rights under the Confrontation Clause when the trial court allowed a witness to read from codefendant Waddy's

redacted statement." ECF No. 19 at 7. The Court issued a conditional writ of habeas corpus, ordering the Commonwealth of Pennsylvania to either release or retry Petitioner within 120 days of the entry of the order. See ECF Nos. 19 & 20. The Commonwealth appealed. On June 14, 2012, the Court stayed its order pending appeal. ECF No. 22.

On September 3, 2013, the Third Circuit affirmed this Court's order granting the Habeas Petition. ECF No. 34. The Commonwealth filed a petition for writ of certiorari soon thereafter.

Meanwhile, on January 21, 2014, Petitioner filed a motion for release under Federal Rule of Appellate Procedure 23(c), contending that the Court's stay of its order granting the Habeas Petition was valid only until the Third Circuit affirmed the Court's June 6, 2012, order. See ECF No. 35. On January 23, 2014, the Court denied Petitioner's motion, concluding that release pursuant to Rule 23(c) was inappropriate and that the stay remained in effect throughout the appeals process. See ECF No. 36.

In an order dated April 28, 2014, the Supreme Court granted certiorari, vacated the judgment, and remanded the case to the Third Circuit for consideration of the applicability of the recently decided case of White v. Woodall, 134 S. Ct. 1697

(2014).[3]  See Wetzel v. Washington, 134 S. Ct. 1935, 1935-36 (2014).  On September 23, 2015, after consideration of the applicability of White, the Third Circuit again affirmed this Court's order granting the Habeas Petition.  ECF No. 39.  The Third Circuit ordered the Commonwealth to "either release or retry [Petitioner] within 120 days of entry of th[e] order." Washington, 801 F.3d at 172.  The Commonwealth again sought certiorari, which was denied by the Supreme Court in an order dated April 25, 2016.  See Wetzel v. Washington, 136 S. Ct. 1713 (2016).

On June 9, 2016, Petitioner filed a motion for release from custody, as he believed the 120-day deadline for the Commonwealth to release or retry him had elapsed.  ECF No. 40. On June 22, 2016, the Commonwealth responded to the motion, ECF No. 41, and on July 8, 2016, Petitioner filed a reply, ECF No. 42.  Then, on August 12, 2016, the Commonwealth filed a motion

---

[3] In White, the Supreme Court clarified the standard for granting a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1), which permits a court to grant federal habeas relief on a claim already "adjudicated on the merits in State court" only if that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." White, 134 S. Ct. at 1702 (quoting 28 U.S.C. § 2254(d)).  The Supreme Court held that a state court's application of Supreme Court precedent is not "objectively unreasonable" where the state court does not unreasonably apply Supreme Court precedent, but instead merely refuses to extend Supreme Court precedent to the facts of the case at issue.  Id. at 1706-07.

5

for a 180-day extension of the conditional retrial deadline. ECF No. 43.

On September 16, 2016, the Court held a teleconference regarding Petitioner's motion for release. The Court indicated that, given that the Commonwealth had not retried Petitioner within 120 days of the Third Circuit's order, it would grant Petitioner's motion, releasing him from custody pursuant to the Writ of Habeas Corpus. See ECF No. 49. The Commonwealth requested that the Court delay its order for one week to ensure that the state court was able to convene for a pre-trial bail hearing, as the Commonwealth planned to retry Petitioner.[4] See id. at 3 n.3. On September 23, 2016, the Court granted Petitioner's motion for release and ordered that Petitioner be released from custody on September 29, 2016. See id.

On October 19, 2016, Petitioner filed the instant pro se Mandamus Petition, contending that the Commonwealth had violated the Court's September 23, 2016, order by continuing to hold him in custody. See ECF No. 51. Petitioner stated in his Petition that the pre-trial bail hearing scheduled for September 28, 2016, had not yet been held. See id. at 2. The Commonwealth did not respond to the Mandamus Petition.

---

[4] The Commonwealth later asked for an additional three days, which the Court agreed to provide. See id.

6

On January 27, 2017, Petitioner sent a letter to this Court claiming that the 120-day period specified in the Third Circuit order had elapsed, and the Commonwealth had not yet released or retried him, in violation of this Court's September 23, 2016, order. In the letter, Petitioner stated that his pre-trial bail hearing had finally occurred on January 10, 2017.

On March 16, 2017, the Court held a teleconference with Petitioner's state court counsel, counsel for Respondents, and counsel for the Commonwealth in Petitioner's state court proceedings. See ECF No. 54. During the teleconference, the Commonwealth represented that Petitioner was indeed released pursuant to this Court's September 23, 2016, order, and then subsequently detained pending retrial on the same underlying charges. See Conf. Tr. at 7:10-16, Mar. 16, 2017, ECF No. 56.[5]

Following the teleconference, Petitioner sent a pro se request to the Court dated March 17, 2017, in which Petitioner stated that he was not present for the teleconference and suggested that he wished to file a motion on his own behalf. ECF No. 55. In response, the Court provided Petitioner with a transcript of the teleconference and issued an order granting

---

[5] Specifically, the Court asked, "Mr. Washington was released by the Federal Court from his judgment of conviction and then was rearrested, as I understand it, and is now being held by the state on these charges. Is that your understanding of what has happened here?" and counsel for the Commonwealth stated, "[t]hat is absolutely correct, your Honor." Conf. Tr. at 7:10-16.

7

Petitioner leave to file a supplemental submission in support of the Mandamus Petition by May 4, 2017.  See ECF No. 56.

On April 11, 2017, Petitioner filed a pro se supplemental submission that he styled as a "Motion for Enforcement of the Judgment by Decision of the Courts and Request for Disciplinary and Other Proceedings Against the State for Continuous Violations of Ministerial Duties."  ECF No. 57. In the submission, Petitioner again argues that the Commonwealth violated this Court's order by failing to release him, and asserts that the Court should discipline the Commonwealth for misrepresenting to the state court that this Court's order did not require Petitioner's release from state custody.  Id.

The Court is now ready to rule on the Mandamus Petition and Enforcement Motion.

**II. DISCUSSION**

Federal courts have the power to issue writs of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (quoting 28 U.S.C. § 1651(a)).  A writ of mandamus is a "drastic remedy that 'is seldom issued and

its use is discouraged.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998)).

A petitioner seeking a writ of mandamus has the burden of establishing two prerequisites: "(1) that petitioner [has] no other adequate means to attain the desired relief, and (2) that petitioner meets its burden of showing that its right to the writ is clear and indisputable." Id. at 141 (quoting In re Chambers Dev. Co., 148 F.3d at 223). "Even when these requirements are met, issuance of the writ is largely discretionary . . . ." Id. (quoting In re Chambers Dev. Co., 148 F.3d at 223)).

"[A] petitioner who has established that his confinement is based on an unconstitutional trial is presumptively entitled to release immediately or, more commonly, after an appropriately circumscribed period to allow the state time to retry the accused." Carter v. Rafferty, 781 F.2d 993, 994 (3d Cir. 1986). A district court's final order granting a writ of habeas corpus, therefore, may be in one of two forms: "It may unconditionally order the prisoner's release, or it may order his release at some time in the near future if, in the meantime, he has not been afforded a new trial." United States ex rel. Thomas, 472 F.2d 735, 742 (3d Cir. 1973). The instant case involves the second form of order, a conditional writ.

9

On September 23, 2016, the Court ordered the release of Petitioner from custody pursuant to his writ of habeas corpus, on the basis of a September 1, 2015, order issued by the Third Circuit. See ECF No. 49 at 1-2 at n.1. The Third Circuit order stated that "the Commonwealth of Pennsylvania shall either release or retry Washington within 120 days of entry of this order."[6] Washington, 801 F.3d at 172. All parties agree that the 120-day period began when the Supreme Court denied certiorari on April 25, 2016. Id. The Commonwealth argued that the 120-day period had not elapsed by September 23, 2016, on the basis of several continuances sought by defense counsel in Petitioner's state court proceedings. The Court held that the 120-day period had in fact elapsed, and that because the

---

[6]  The Third Circuit typically uses this language in orders affirming habeas relief. See, e.g., Colon v. Rozeum, 649 Fed. App'x 259, 263 (3d Cir. 2016) (affirming district court order granting habeas relief and stating that "the Commonwealth of Pennsylvania shall release or retry [the petitioner] within 120 days of entry of this order"); Munchinski v. Wilson, 694 F.3d 308, 339 (3d Cir. 2012) (affirming district court order granting habeas relief and stating that "[t]he Commonwealth must either release [the petitioner] or retry him within 120 days of our opinion"). The Third Circuit recently used different language, remanding a petition for habeas corpus to the district court "with instructions to grant the petition for habeas corpus unless, within 60 days of the remand, the Commonwealth of Pennsylvania decides to retry the charges against [the petitioner]." McKernan v. Superintendent Smithfield SCI, 849 F.3d 557, 567 (3d Cir. 2017). Whether this recent language indicates a change in the rights afforded to a victorious habeas petitioner is not before the Court.

Commonwealth had not retried Petitioner within that time, Petitioner was entitled to be released. See id.

Petitioner argues that he is being detained unlawfully because this Court ordered his release from custody unless he was retried within 120 days, and the trial has not occurred. See Mandamus Pet. at 1-2. However, the Commonwealth has represented that Petitioner was released from custody pursuant to his original state court judgment following the Court's September 23, 2016 order. See Conf. Tr. at 7:10-16. The Commonwealth also represented that it subsequently detained Petitioner pending retrial on the same underlying charges. See id. Further, the docket for Petitioner's state court proceedings indicates that the state court held a hearing on April 25, 2017, regarding Petitioner's motion for release on nominal bail pending his retrial - currently set for February 12, 2018 - and issued an order denying the motion for release. See Docket, Commonwealth v. Washington, No. CP-51-CR-1003091-2000 (Phila. Cty. Ct. Com. Pl.).

The Court finds that the Third Circuit's "release or retry" language did not prohibit the Commonwealth from re-arresting and retrying Petitioner after his release on the original charges, and detaining him pending that retrial, subject to Petitioner's right to a pretrial bail hearing and any other rights of the accused under state and federal law. As the

Third Circuit itself has explained, because it is a victorious habeas petitioner's "conviction, not his indictment, which has been declared unconstitutional" by a federal court, "[n]othing . . . prevents [a] State from dealing with a habeas releasee who will be retried as the State would deal with any other State prisoner who has yet to stand trial." Carter, 781 F.2d at 998. Therefore, in this case, the "retry or release" order prohibited the Commonwealth from detaining Petitioner only on the basis of the prior judgment against him, from which Petitioner was released by conditional writ of the court after 120 days had elapsed.[7] Nothing prevented the Commonwealth from releasing Petitioner pursuant to this Court's order, and then subsequently detaining him pending retrial, subject to the state court procedures for pretrial detention, including eligibility for bail.

Based on the Commonwealth's representations and the state court docket, it does not appear that the Commonwealth is holding Petitioner on the basis of the prior judgment against

---

[7] The Court notes that it is unclear from the Third Circuit's order whether the word "retry" required the Commonwealth to complete its retrial of Petitioner within 120 days, including receiving a verdict, or whether the Commonwealth would have satisfied its obligation to retry Petitioner within 120 days by merely commencing trial within that timeframe. The Court need not resolve that issue in order to rule on the instant Mandamus Petition, however, as the Commonwealth chose to release Petitioner pursuant to the Court's order, rather than "retry" him within 120 days.

12

him, but rather, that Petitioner was released from incarceration pursuant to his prior conviction, the Commonwealth re-arrested him, and he is now being held without bail pending his retrial on the underlying charges because the state court has denied bail. Thus, both the Third Circuit order and this Court's order have been satisfied. To the extent that Petitioner claims that since he was re-arrested, he has not been afforded his right to a proper pretrial bail hearing and other protections under state law, Petitioner can take up those matters, if at all, in the state courts, at least initially.

Petitioner's motion for enforcement of the judgment is without merit for the same reason: the Commonwealth has complied with the Court's order. In addition, contrary to Petitioner's assertions, the Commonwealth did not make a misrepresentation to the state court by stating that this Court's order permitted the Commonwealth to retry Petitioner on the underlying state court charges. That representation, if made, was correct.

### III. CONCLUSION

For the reasons stated above, the Court will deny the Petition for a Writ of Mandamus and the Motion for Enforcement

13

of the Judgment.  The Court will also deny Petitioner's letter request for the appointment of counsel.[8]

An appropriate order follows.

---

[8]     Petitioner is represented by counsel in his proceedings in state court.  Petitioner's state court counsel is in the best position to advance Petitioner's interests, if any, in the state court.